UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.  CV 18-10264-CJC (KS)					Date: January 8, 2020

Title  *Marcos Munoz v. California Department of Corrections et al*

---

Present: The Honorable:	Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:			Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On December 11, 2018, Plaintiff, a California state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) On July 10, 2019, the Court ordered service of Plaintiff's Third Amended Complaint (the "TAC") on the following defendants: the County of Los Angeles; California Department of Corrections and Rehabilitation ("CDCR") Correctional Officer C. Estrada; CDCR Correctional Officer A.A. Little; CDCR Correctional officer C.L. Nelson; and Los Angeles County Sheriff's Department Deputy J. Harris. (Dkt. Nos. 21-23.) On November 26, 2019, the U.S. Marshal served one defendant—Los Angeles County—with the Third Amended Complaint and summons. (Dkt. No. 27.) On December 5, 2019, the Defendant County of Los Angeles filed a motion to dismiss (the "Motion"). (Dkt. No. 29.) The Motion is now fully briefed and under submission to the Court.

On January 7, 2020, Defendants Estrada, Little, and Nelson filed an *ex parte* application for an extension of time to respond to the TAC, indicating that they had received notice of this action and would appear. (Dkt. No. 37.)

However, on November 26, 2019, the U.S. Marshal notified the Court that Deputy J. Harris could not be served because "more information is needed to identify" him. (Dkt. No. 28.) Accordingly, to date, Plaintiff has failed to the provide the U.S. Marshal with sufficient information to serve Defendant Deputy J. Harris.

Rule 4(m) of the Federal Rules of Civil Procedure states: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court

must extend the time for service for an appropriate period." Neither a litigant's *pro se* status nor his lack of legal sophistication is good cause for his failure to comply with the Federal Rules of Civil Procedure. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *Wennihan v. AHCCCS*, 515 F. Supp. 2d 1040, 1043 (D. Ariz. 2005); *see also Springer v. Best*, 264 F.2d 24, 25 (9th Cir. 1959) (it has never been the court's function "to supervise laymen in the practice of law"); Local Rule 1-3 ("Persons appearing *pro se* are bound by these rules.").

Nearly six months have now passed since Plaintiff was instructed to submit the USM-285 forms to the U.S. Marshal, but Plaintiff has failed to provide the Marshal with sufficient information to effect service of Defendant Harris. Accordingly, Plaintiff's claims against Defendant Harris are now subject to dismissal under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure. However, the Court also acknowledges that a *pro se* prisoner must be permitted to conduct limited early discovery when doing so would likely permit the plaintiff to identify unnamed or incorrectly named defendants and facilitate service of the complaint. *See, e.g.*, *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) ("[W]here the identity of the alleged defendant is not known prior to the filing of a complaint, the [*pro se* incarcerated] plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.") (internal brackets omitted) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)); *see also Young v. Transportation Deputy Sheriff I*, 340 Fed. Appx. 368, 369 (9th Cir. 2009) (vacating judgment and remanding state prisoner civil rights action against Doe defendants with instruction that the plaintiff "be allowed an opportunity to discover [their] names").

Therefore, **Plaintiff is ORDERED TO SHOW CAUSE, no later than January 29, 2020, why Defendant Harris should not be dismissed for failure to prosecute and comply with Rule 4(m) of the Federal Rules of Civil Procedure.** Plaintiff may discharge this order by doing any one of the following no later than January 29, 2020:

(1)     submitting to the U.S. Marshal a more complete USM-285 form and filing a copy of that form with the Court;

(2)     filing a request for an extension of time to submit a more complete USM-285 form to the Court and U.S. Marshal;

(3)    filing a Response to this Order indicating that he has served an interrogatory on the County of Los Angeles to learn Defendant J. Harris's full name and badge number, <u>with a copy of that interrogatory attached to the Response</u>; or

(4)    filing a signed document entitled Notice of Voluntary Dismissal dismissing Defendant Harris from this action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

**If Plaintiff elects to pursue Option Three, he is cautioned that the Court authorizes him to serve <u>one</u> interrogatory on the Defendant County of Los Angeles that seeks Defendant J. Harris's full name and badge number. At this juncture, Plaintiff is not authorized to serve, and the County of Los Angeles will not be compelled to comply with, any additional discovery requests or an interrogatory seeking information that is not necessary for the U.S. Marshal to complete service on Defendant Harris.**

**Plaintiff is advised that the failure to timely comply with this order may result in a recommendation of dismissal of Defendant Harris from his case pursuant to Fed. R. Civ. P. 4(m) and 41(b) and Local Rule 41-1.**

The Clerk is directed to send Plaintiff <u>one</u> USM-285 form and the service of process instructions with this Order.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | gr |