UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-10264-CJC (KS)                              Date: July 10, 2020

Title   *Marcos Munoz v. California Department of Corrections et al*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On July 1, 2019, Marcos Munoz ("Plaintiff"), a California state prisoner proceeding *pro se* and *in forma pauperis* ("IFP"), filed his third amended civil rights complaint (the "Complaint" or "TAC") in this action. (Dkt. No. 20.) The TAC asserts, *inter alia*, that Plaintiff's rights under the Eighth Amendment to the Constitution were violated by: the Los Angeles County Sheriff's Department ("LACSD"); one LACSD Deputy Sheriff, Defendant J. Harris; four California Department of Corrections and Rehabilitation ("CDCR") correctional officers at the California Correctional Institution at Tehachapi ("CCI-Tehachapi") – Defendant C. Estrada, Defendant A. A. Little, and Defendant C. L. Nelson; and one unknown CDCR correctional counselor. Specifically, the TAC alleges that, on October 12, 2018, the unknown CDCR correctional counselor and the LACSD Transportation Bureau mixed Plaintiff, a protective custody inmate, with general custody inmates, exposing Plaintiff to an "organized hit" by other inmates. Plaintiff alleges that after he "disrupted the organized hit with force," he surrendered to CDCR officers and was lying prone on the floor when he was unnecessarily pepper sprayed by Defendant Little.

On July 10, 2019, the Court directed service of process on the named CDCR defendants. (Dkt. Nos. 21-23.) The Court also permitted Plaintiff to file a motion to conduct limited early discovery to ascertain the identity of the unknown correctional officer defendant or, alternatively, to file a signed document dismissing the unknown Doe Defendant without prejudice. (Dkt. No. 21 at 21.)

One year has now passed since the Court permitted Plaintiff to file a motion for limited discovery to ascertain the identity of the unknown Doe Defendant. Plaintiff has failed to timely identify and serve the unnamed correctional counselor against whom he raises claims, or show

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-10264-CJC (KS)                                              Date: July 10, 2020

Title     _Marcos Munoz v. California Department of Corrections et al_

good cause for failure to do so under Federal Rule of Civil Procedure 4(m), nor has he requested an extension of time within which to do so. Accordingly, the Court may now recommend dismissal of the claims against the unnamed Doe Defendant pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which states that a civil action is subject to involuntary dismissal if a plaintiff "fails to prosecute or to comply with these rules or a court order."

However, in the interests of justice, Plaintiff is **ORDERED TO SHOW CAUSE on or before July 31, 2020**, why the Court should not recommend that Plaintiff's claims against the unnamed Doe Defendant for failure to prosecute and comply with court orders. If Plaintiff wishes to proceed with his claims against the unnamed Doe Defendant, he may discharge this Order by filing: (1) a declaration signed under penalty of perjury that establishes good cause for Plaintiff's failure to comply with the Court's orders; or (2) a signed document dismissing the unknown Doe Defendant without prejudice, and, if he so chooses, he may file a motion to amend the TAC to include him or her as a named defendant at a later date.

**Plaintiff is advised that the failure to timely comply with this order may result in the dismissal of this case pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41-1.**

**IT IS SO ORDERED.**

:

**Initials of Preparer**   gr